IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-0976-CV-W-ODS |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arose from Plaintiff's pro se Complaint alleging violations of sexual harassment, disability discrimination and retaliation  Defendant filed its Motion for Summary Judgment on February 16, 2005.  Plaintiff did not respond in a timely manner, see Local Rule 56.1(b), and on March 29, 2005, the Court issued an Order to Show Cause directing Plaintiff to respond by April 28, 2005.  To date, Plaintiff has not responded.  Defendant's motion (Doc. # 31) is granted.

I.  BACKGROUND

"All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party."  Local Rule 56.1(a).  Consequently, the Court has relied heavily on Defendant's Statement of Uncontroverted Facts in setting forth the factual background to this case.  Plaintiff's failure to respond also obviates the need for a lengthy discussion of the issues.

Plaintiff began work for Defendant at its manufacturing facility in Claycomo, Missouri, in 1995.  At all relevant times he has been an hourly employee whose terms and conditions of employment have been governed by a collective bargaining agreement ("CBA") between Defendant and the United Auto Workers ("the Union").  In 2000, Plaintiff

was classified as a "receiving checker" in the material handling department; he has taken tests to become a member of various skilled trades but has not bid on any other jobs since his reclassification in 2000.

Plaintiff was injured while on the job in September 2000. The accident did not cause any bone injury or soft-tissue damage and did not necessitate surgery. The only permanent workplace restrictions were "No frequent bending, twisting, or squatting and lifting a maximum of fifty pounds occasionally and thirty-five pounds frequently." Plaintiff was placed in a position within his classification consistent with his restrictions; the job in question involved picking up empty containers and was regarded as a desirable position. However, Plaintiff was disciplined on December 20, 2001, for leaving the plant early without permission. This was not Plaintiff's first incident of this sort, so he was returned to the general labor pool. Subsequently, Plaintiff was not given a job that exceeded his training or medical restrictions, but he was given work that required more physical effort than the job he was assigned immediately following his accident.

In February 2002, Plaintiff was disciplined for disobeying a supervisor's order to report to the labor relations office. The discipline consisted of a reprimand, warning, loss of pay for the remainder of the shift, and one day disciplinary layoff. Plaintiff was also disciplined twice in March 2002, both times for performing poor quality work.

Plaintiff was terminated on April 2, 2003, for assaulting a female hourly employee. The incident occurred on the plant floor in front of numerous witnesses, including at least two supervisors. Plaintiff grabbed the co-worker's neck and tore her blouse; it required the assistance of four people to separate Plaintiff from his victim.

## II.  DISCUSSION[1]

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party

---

[1]Defendant has advanced several independent arguments in favor of granting summary judgment. In the interest of brevity the Court will not address all of them, which should not be construed as a rejection of the merits of any un-discussed issue.

is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Plaintiff's claims under the ADA (and the corresponding state law claim for disability discrimination) must fail because he is not a "qualified individual with a disability." This requirement is met if the plaintiff has a physical or mental impairment that substantially limits one or more of the person's major life activities. 42 U.S.C. § 3602(h). Plaintiff suffers minor limitations, but they do not substantially limits any of his major life activities. Cf. Wood v. Crown Redi-Mix, Inc., 339 F.3d 682, 685-86 (8th Cir. 2003).

All of Plaintiff's claims (including his ADA claim) fail because Defendant has proffered a legitimate, nondiscriminatory and nonretaliatory reason for its actions. Plaintiff's failure to follow directions and to perform his work properly provided Defendant with justification for disciplining him under the CBA, and all procedures under the CBA were followed. On this record, there is no indication that Plaintiff was treated differently than similarly situated employees. Finally, Plaintiff's termination was supported by a legitimate, nondiscriminatory justification: he assaulted a co-worker. Plaintiff has not identified another employee who engaged in an attack of the sort he initiated who was

not terminated, so Plaintiff cannot demonstrate his gender or disability played a part in Defendant's decision.

### III. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

DATE: June 1, 2005

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT